**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| SHAQUAN R. JOHNSON, | : | |
| | : | Civil Action No. 21-4388 (BRM) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| WARDEN, SOUTH WOODS STATE PRISON, et al., | : | |
| | : | |
| Respondents. | : | |
| | : | |

**MARTINOTTI, DISTRICT JUDGE**

Petitioner Shaquan R. Johnson ("Petitioner") is a state prisoner confined at South Woods State Prison in Bridgeton, New Jersey. He is proceeding *pro se* with a Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. (ECF No. 1). Respondents filed a Motion to Dismiss ("Motion") the Petition as time barred. (ECF No. 7.) Petitioner did not file an opposition. For the reasons expressed below, Respondents' Motion will be granted, Petitioner's §2254 Petition will be dismissed with prejudice, and no certificate of appealability shall issue.

## I.  BACKGROUND

Petitioner pled guilty to first-degree aggravated manslaughter, N.J. Stat. Ann. § 2C:11-4A, possession of a weapon for an unlawful purpose, N.J. Stat. Ann. §2C:39-4A, and two counts of second-degree aggravated assault, N.J. Stat. Ann. § 2C:12-1B. (*See* ECF No. 7-1.) On June 14, 2011, Petitioner was sentenced to a total term of thirty-five-years imprisonment, subject to an eighty-five percent parole ineligibility period under the No Early Release Act, N.J. Stat. Ann. § 2C:43-7.2, and five years of parole supervision. (*Id.*)

Petitioner filed a notice of appeal of his motion to suppress and his sentence. The Appellate Division affirmed Petitioner's conviction on December 27, 2013. (ECF No. 7-2, *State v. Johnson*, No. A-5406-10T4, 2013 WL 6817779 (App. Div. Dec. 27, 2013.)) The Supreme Court of New Jersey denied Petitioner's petition for certification on October 24, 2014.[1] (ECF No. 7-3.)

On September 29, 2015, Petitioner filed a *pro se* Petition for Post-Conviction Relief ("PCR"). (*See* ECF No. 7-4, *State v. Johnson*, No. A-003966-16T2, at 3 (App. Div. Sept. 11, 2018.)) On November 7, 2016, the PCR court denied the petition. (*Id.*, at 4.) Petitioner filed a notice of appeal with the Appellate Division. On September 11, 2018, the Appellate Division affirmed the PCR court's denial via an order. (*Id.*) On April 4, 2019, the New Jersey Supreme Court denied Petitioner's petition for certification. (ECF No. 7-5, *State v. Johnson*, 205 A.3d 1121 (N.J. 2019.))

Petitioner filed the instant § 2254 Petition on February 27, 2021.[2] (ECF No. 1.) The Court originally terminated the petition as Petitioner failed to file an application to proceed i*n forma pauperis* or pay the filing fee. (ECF No. 2.) Petitioner subsequently paid the filing fee, and the Court reopened the matter. (ECF Nos. 3 & 4.)

---

[1] Petitioner alleges that he filed a petition for certiorari in the United States Supreme Court. (ECF No. 1, at 4.) However, it appears that Petitioner is actually referring to his petition for Post-Conviction Relief ("PCR"). Petitioner alleges that the docket number for his petition for certiorari was 08-11-3407, which he also cites as the docket number for his PCR petition. (*See id.*) Additionally, Petitioner indicates that his petition for certiorari was decided on November 7, 2016, which is the same date the PCR court denied his petition. (*See id.*)

[2] February 27, 2021 is the date on which Petitioner executed his habeas Petition. (*See* ECF No. 1, at 16.) Under the federal prisoner mailbox rule, "a document is deemed filed on the date it is given to prison officials for mailing." *Pabon v. Mahanoy*, 654 F.3d 385, 391 n.8 (3d Cir. 2011). The Court, affording Petitioner all favorable inferences, finds that February 27, 2021 represents the date on which he initiated this action.

Respondents subsequently filed the instant Motion to Dismiss, arguing that the petition is untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (ECF No. 7.) Petitioner has not filed any opposition or other response to the motion. The matter is now ripe for decision without oral argument. Fed. R. Civ. P. 78(b).

## II. LEGAL STANDARD

The AEDPA imposes a one-year period of limitation on a petitioner seeking to challenge his state conviction and sentence through a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1), the limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *see also Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999). "[T]he statute of limitations set out in § 2244(d)(1) should be applied on a claim-by-claim basis." *Fielder v. Varner*, 379 F.3d 113, 118 (3d Cir. 2004).

Pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of

time during which an application for state post-conviction relief was "properly filed" and "pending." The judgment is determined to be final by the conclusion of direct review, or the expiration of time for seeking such review, including the ninety-day period for filing a petition for writ of certiorari in the United States Supreme Court. *See Gonzalez v. Thaler*, 132 S.Ct. 641, 653-54 (2012).

The AEDPA limitations period is tolled, however, during any period a properly filed PCR petition is pending in the state courts. 28 U.S.C. § 2244(d)(2); *see also Thompson v. Adm'r New Jersey State Prison*, 701 F. App'x 118, 121 (3d Cir. 2017); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 (3d Cir. 2013). The PCR petition is considered to be pending, and the AEDPA limitations period continues to be tolled, during the time the petitioner could have appealed a PCR decision within the state courts, even if the petitioner did not in fact file such an appeal. *Carey v. Saffold*, 536 U.S. 214, 219–21 (2002); *Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000) (citing *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999)). However, "[t]he application for state postconviction review is . . . not 'pending' after the state court's postconviction review is complete, and § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari." *Lawrence v. Florida*, 549 U.S. 327, 332 (2007).

**III. DECISION**

Respondents argue that the Petition is untimely. The Court agrees and will dismiss the Petition.

Petitioner's conviction became final within the meaning of AEDPA on January 22, 2015, 90 days after the New Jersey Supreme Court denied certification of his direct appeal. (ECF No. 7-3.) *See Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 (3d Cir. 2013) ("[T]he expiration of the time for seeking direct review is the deadline for petitioning for certiorari to the

4

United States Supreme Court.") The limitations period ran for 250 days before it was statutorily tolled when Petitioner filed his first PCR petition on September 29, 2015. (*See* ECF No. 7-4, *Johnson*, No. A-003966-16T2, at 3.)

On April 4, 2019, the New Jersey Supreme Court denied Petitioner's petition for certification. (ECF No. 7-5, *Johnson*, 205 A.3d 1121.) The AEDPA's limitations period began to run the following day, April 5, 2019, and expired 115 days later, on July 28, 2019. At that time Petitioner had 115 days, or by July 28, 2019, to file a timely habeas petition. July 28, 2019 was a Sunday, so Petitioner had until July 29, 2019, to file his petition. *See* N.J. Ct. R. 1:3 (if the filing deadline falls on a Sunday, "the period runs until the end of the next day which is neither a Saturday, Sunday nor legal holiday.") Accordingly, Petitioner's §2254 Petition filed on February 27, 2021, was filed nearly nineteen months after the statutory period expired, and absent equitable tolling, will be dismissed as time barred.

In *Holland v. Florida*, the Supreme Court held AEDPA's one-year limitations period is subject to equitable tolling in appropriate cases, on a case-by-case basis. 560 U.S. 631, 649-50 (2010); *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuiglielmo*, 544 U.S. 408, 418 (2005); *see also Jenkins*, 705 F.3d at 89. "There are no bright lines in determining whether equitable tolling is warranted in a given case." *See Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011). The Third Circuit has explained that "equitable tolling is appropriate when principles of equity would make rigid application of a limitation period unfair, but that a court should be sparing in its use of the doctrine." *Ross*, 712 F.3d at 799 (citing *Pabon*, 654 F.3d at 399; *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999)).

For equitable tolling to apply, the Third Circuit has required a showing of reasonable diligence:

> The diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence, [citing *Holland*, 560 U.S. at 653]. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005). . . . The fact that a petitioner is proceeding pro se does not insulate him from the "reasonable diligence" inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling. *See Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003).

*Ross*, 712 F.3d at 799. Extraordinary circumstances may be found where: (1) the petitioner has been actively misled; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; or (3) where the petitioner has timely asserted his rights in the wrong forum. *See Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001).

Equitable tolling, however, is only warranted under extraordinary circumstances that would have prevented a petitioner from filing a timely habeas petition. *LaCava*, 398 F.3d at 276. "[F]or a petitioner to obtain relief there must be a causal connection, or nexus, between the extraordinary circumstances he faced and the petitioner's failure to file a timely federal petition." *Ross*, 712 F.3d at 803. "To secure equitable tolling, it is not enough for a party to show that he experienced extraordinary circumstances. He must further demonstrate that those circumstances caused him to miss the original filing deadline." *Id.* at 803 n.29 (quoting *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011)). "The word 'prevent' requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with

reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Id.* (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

Although Petitioner has not filed an opposition to Respondents' Motion to Dismiss, he argues in this Petition that it is untimely because the pandemic prevented him from filing his Petition on time and a paralegal who was helping him filed for an extension in New Jersey Superior Court rather than this Court. (ECF No. 1, at 14.) These arguments are unconvincing. Petitioner's AEDPA's limitations period for filing a timely habeas petition expired on July 28, 2019.  The COVID-19 pandemic did not begin until 2020. As such, the Petition was time barred prior to the COVID-19 pandemic. Petitioner provides no explanation as to why he was unable to timely file his Petition prior to the start of the COVID-19 pandemic. Furthermore, Petitioner baldly claims that the pandemic prevented him from timely filing his petition without presenting any facts as to how the pandemic somehow prevented him from filing his Petition. The Court has continued to receive and accept filings throughout the duration of the pandemic. Petitioner also baldly alleges that a paralegal filed an extension request in the wrong forum. The Petition offers no facts to show this alleged extension was timely filed. *Fahy*, 240 F.3d at 244 (explaining extraordinary circumstances have been found where petitioner has timely asserted his rights mistakenly in the wrong forum.) Petitioner fails to detail any facts which suggest that he diligently pursed his federal habeas corpus rights. Respondents' Motion to Dismiss on timeliness ground is therefore granted and the §2254 Petition is dismissed with prejudice.

## IV.  CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, a litigant may not appeal from a final order in a proceeding under 28 U.S.C. § 2254.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not disagree with this Court's conclusion that the Petition is time barred. Consequently, the Court will not issue a certificate of appealability.

**V. CONCLUSION**

For the reasons discussed above, the Court will GRANT Respondents' Motion to Dismiss (ECF No. 7.) The Court will dismiss the Petition with prejudice. A certificate of appealability shall not issue. An appropriate Order accompanies this Opinion.

An appropriate order follows.

Dated: January 21, 2022

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**